PHILLIP A. TALBERT
United States Attorney
PHILIP A. SCARBOROUGH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
Philip.Scarborough@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA TRAVIS; OTHA TRAVIS III, | CASE NO. |
| Plaintiffs, | NOTICE OF REMOVAL |
| v. | |
| RYAN JOHNSON, DO; CHANDRASEKAR VENUGOPAL, MD; COMMUNITY HOSPITALS OF CENTRAL CALIFORNIA, | |
| Defendants. | |

## <u>NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that the above-captioned action is hereby removed from the Superior

Court of the State of California, County of Fresno, to this Court.  The grounds for removal are as

follows:

1.     On March 12, 2021, plaintiffs Alicia Travis and Otha Travis III ("Plaintiffs") filed a

Complaint against Dr. Ryan Johnson, DO, and other defendants, Case No. 21CECG00728, in the

Superior Court of the State of California, County of Fresno.  On December 15, 2021, Plaintiffs

dismissed their claims against Dr. Johnson without prejudice.  On March 3, 2022, Plaintiffs amended

their complaint to substitute Dr. Johnson as a defendant in the place of defendant Doe 1.  Copies of the

Complaint, the dismissal without prejudice, and the amendment substituting Dr. Johnson as a defendant

are attached hereto as Exhibit A.  The Complaint seeks monetary relief for an alleged tort relating to medical care provided to Alicia Travis, including some medical care provided by Dr. Johnson.

2.     During the period that Dr. Johnson provided medical care to Alicia Travis, Dr. Johnson was employed exclusively by Clinica Sierra Vista.  At all relevant times, Clinica Sierra Vista was a Federally Supported Health Center pursuant to 42 U.S.C. § 233.

3.     Based on the information currently available to the United States, the allegations asserted in the complaint against Dr. Johnson relate to medical services provided by Dr. Johnson in his capacity as an employee of Clinica Sierra Vista.  *See* Ex. A.  By operation of law, Clinica Sierra Vista and its employees, including Dr. Johnson, are deemed employees of the Public Health Service while performing medical services.  *See* 42 U.S.C. § 233(g)(1)(A).  The exclusive remedy for tort claims asserted against deemed employees of the Public Health Service is a tort action against the United States pursuant to the Federal Tort Claims Act.  *See id.*; *see also id.* § 233(a).

4.     The appropriate authority within the Department of Justice has certified that Dr. Johnson was acting within the scope of his employment with Clinica Sierra Vista to provide medical services at the relevant time.  *See* Certification of Scope of Employment, attached hereto as Exhibit B.  The exclusive remedy for plaintiffs' tort claims therefore is an action against the United States in the United States District Court as provided by 28 U.S.C. § 1346(b).  *See* 42 U.S.C. § 233(a); *id.* § 233(g)(1)(A).

5.     Removal of this action to this Court at any time before trial is authorized by 42 U.S.C. § 233(c).  Because trial has not yet occurred in this action, removal is timely.  *See id.*

6.     No bond is required pursuant to 42 U.S.C. § 233(c).

WHEREFORE, the above-captioned action in the Superior Court of the State of California, County of Fresno, Case No. 21CECG00728, is hereby removed to the United States District Court for the Eastern District of California.

//

//

//

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

Dated:  June 1, 2022

PHILLIP A. TALBERT
United States Attorney

By: */s/ Philip A. Scarborough*

PHILIP A. SCARBOROUGH
Assistant United States Attorney

Attorneys for the United States