# EXHIBIT A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jeremy M. Dobbins SBN 320648<br>LAW OFFICE OF JEREMY M. DOBBINS<br>1225 E. Divisadero Street<br>Fresno, CA 93721<br>TELEPHONE NO.: (559) 306-6580   FAX NO. *(Optional)*: (559) 316-4070<br>E-MAIL ADDRESS *(Optional)*: jeremy@jeremymdobbins.com<br>ATTORNEY FOR *(Name)*: Alicia Travis and Otha Travis III | E-FILED<br>3/12/2021 4:39 PM<br>Superior Court of California<br>County of Fresno<br>By: A. Rodriguez, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** FRESNO
STREET ADDRESS: 1130 O. Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno and 93721
BRANCH NAME: B.F. Risk Civil Division

**PLAINTIFF:** Alicia Travis and Otha Travis III
**DEFENDANT:** Ryan Johnson DO, Chandrasekar Venugopal MD, Community Hospitals of Central California

[x] DOES 1 TO 20

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] **AMENDED** *(Number)*:
**Type** *(check all that apply)*:
[ ] **MOTOR VEHICLE**  [x] **OTHER** *(specify)*: Medical Negligence
[ ] Property Damage  [ ] Wrongful Death
[x] Personal Injury   [ ] Other Damages *(specify)*:

**Jurisdiction** *(check all that apply)*:
[ ] **ACTION IS A LIMITED CIVIL CASE**
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[x] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED by this amended complaint**
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER: 21CECG00728

1. **Plaintiff** *(name or names)*: Alicia Travis and Otha Travis III
   alleges causes of action against **defendant** *(name or names)*:
   Ryan Johnson DO, Chandrasekar Venugopal MD, and Community Hospitals of Central California
2. This pleading, including attachments and exhibits, consists of the following number of pages: 6
3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:
   b. [ ] **except** plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:
   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

| SHORT TITLE: Travis v. Johnson et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ **except** defendant *(name):* Community Hospitals of Central California
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity *(describe):*
      (4) ☐ a public entity *(describe):*
      (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*
      (4) ☐ a public entity *(describe):*
      (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*
      (4) ☐ a public entity *(describe):*
      (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*
      (4) ☐ a public entity *(describe):*
      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1 - 10    were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 11 - 20   are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☒ Plaintiff is required to comply with a claims statute, **and**
   a. ☒ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

| SHORT TITLE: Travis v. Johnson et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other *(specify):* Medical Negligence

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify):* Loss of

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.
   Superior Court of California, Fresno Civil Division

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: March 12, 2021

Jeremy M. Dobbins
(TYPE OR PRINT NAME)                                (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(2)

| SHORT TITLE: Travis v. Johnson et al. | CASE NUMBER: |
|---|---|

| 1 _____ (number) | **CAUSE OF ACTION—General Negligence** | Page 4 _____ |
|---|---|---|

ATTACHMENT TO  [x] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Alicia Travis and Otha Travis III

alleges that defendant *(name)*: Ryan Johnson DO, Chandrasekar Venugopal MD, Community Hospitals of Central California

[x] Does  1  to  20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: December 17, 2019

at *(place)*: Community Regional Medical Center

*(description of reasons for liability):*

1.   On December 17, 2019 plaintiff Alicia Travis discovered that during her abdominal hysterectomy on December 13, 2019 performed by defendant Ryan Johnson DO, Dr. Johnson was negligent in his surgical care.

2.   A Computed Topography (CT) scan performed on December 17, 2019, revealed that Alicia had a hole in her bladder from the surgery performed by Defendant, Dr. Johnson on December 13, 2019.

3.   Dr. Johnson's negligence and subsequent reckless follow up care set in motion a series of events that caused plaintiff severe pain, suffering, emotional distress, and irreparable harm.

4.   Dr. Johnson had a duty to perform this surgery competently.  He breached that duty when he cut the plaintiff's bladder, despite knowing that the plaintiff had five prior caesarean section (herein "c-section") surgeries.

5.   After being discharged and experiencing pain, discomfort, and inability to urinate at home, Alicia was re-admitted on December 17, 2019 to Community Regional Medical Center.  During this admission Alicia's torn bladder was surgically repaired, nephrostomy tubes were inserted into her kidneys, and she was treated in the hospital, Alicia was scheduled for discharge on December 28, 2019.

6.   CMC was also negligent when one of the staff Registered Nurses' (Herein "RN's") removed her foley catheter (device used to drain bladder) and attempted to place a new one.  Attempts to insert a new foley catheter were unsuccessful and the catheter was contaminated from inserting it incorrectly.  After further attempts the RN staff perforated the surgical bladder repair with the dirty and unsterile foley catheter causing Alicia pain, suffering, and further infection and injury.

7.   Another provider, unknown at this time, adjusted this same contaminated foley catheter and Alicia's discharge date was deferred to 1/2/2020.  The foley catheter was left inserted inside of Alicia's bladder for five weeks before it was removed by Dr. Johnson on 2/4/2020 in his office.

8.   Chandrasekar Venugopal MD was also negligent in the care of Alicia in that when he removed her nephrostomy tube December 19, 2019 with no diagnostic imaging to view the connected nephrostomy tubes.  He subsequently ripped it out of her kidney causing an 8cm laceration.  After his procedure he heavily medicated Alicia and left her in the recovery area with no known monitoring.  During this time Alicia profusely bled-out, causing her to become hypovolemic, which subsequently caused her to need a blood transfusion.

9.   Since these terrible course of events occurred Mrs. Travis is not and will likely never be the same again.  She has seen pain management doctors.  Her bladder constantly hurts, she has a constant urge to urinate, she cannot hold in her need to urinate even during her sleep, she is unable to sleep through the night, she can't play with her children, she cannot work, she cannot wear jeans as they are too tight against her bladder, and she no longer can enjoy intimate relations with her husband as it is too painful.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courts.ca.gov

| SHORT TITLE: Travis v. Johnson et al. | CASE NUMBER: |
|---|---|

10. Alicia is informed and believes that Dr. Johnson breached the applicable standard of care, with which he was duty-bound to comply, and caused her injuries as a result of the following: Dr. Johnson sliced the plaintiffs bladder during her hysterectomy. This caused her to have the contents of her bladder unnaturally flow into her abdominal cavity and caused Alicia to have to return to the hospital after discharge for her original surgery to the Emergency Department. She then had nephrostomy tubes placed in her kidneys while her bladder healed from a subsequent surgery to close the surgical wound he caused.

11. Alicia is informed and believes that CMC, its staff, and its agents breached the applicable standard of care, with which they were duty-bound to comply, and caused her injuries as a result of the following: CMC Nursing staff negligently removed a foley catheter against physician orders, inserted a new foley catheter using unsterile technique, and finally perforated Alicia's existing surgical repair in her bladder.

12. Alicia is informed and believes that Dr. Venugopal breached the applicable standard of care, with which he was duty-bound to comply, and caused her injuries as a result of the following: Dr. Venugopal failed to obtain the proper imaging studies prior to removal of the nephrostomy tubes placed in Mrs. Travis' kidneys. He then recklessly ripped an 8cm tear in her right kidney after pulling out the nephrostomy tube.

13. Alicia is informed and believes that DOES 1 to 20 breached the applicable standard of care, with which they were duty-bound to comply, and caused her injuries as a result of the following: DOES 1 to 20, inclusive, were the agents or employees of the other named defendants, or provided negligent health care in concert with the named defendants that contributed to the plaintiff's damages. These fictitious defendants will be named in their true identities timely upon the disclosure thereof.

14. Plaintiff Alicia Travis is entitled to general damages and special damages and any other damages the court feels is just for her injuries caused by each of the defendants above. Alicia received distinct injuries from each of the defendants as described herein.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 5

Form Approved by the Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

PLD-PI-001(2)

| SHORT TITLE: Travis v. Johnson et al. | CASE NUMBER: |
|---|---|

**2** (number)     **CAUSE OF ACTION—General Negligence**     Page **6**

ATTACHMENT TO [x] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Alicia Travis and Otha Travis III

alleges that defendant *(name)*: Ryan Johnson DO, Chandrasekar Venugopal MD, Community Hospitals of Central California

[x] Does **1** to **20**

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: December 17, 2021

at *(place)*: Community Regional Medical Center

*(description of reasons for liability):*

15. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14, as though fully set forth herein.

16. The Negligent and reckless practice of Dr. Johnson, Dr. Venugopal, CMC, and its employees and agents have caused loss of consortium to Alicia Travis' husband Otha Travis III.

17. The acts of the defendants have caused Mr. Travis a loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and the loss of the enjoyment of sexual relations.

18. As Alicia has been irreparably harmed, so Mr. Travis will also be damaged for the rest of his marriage and likely for the rest of his life.

19. Mr. Travis is entitled to an award of general and special damages for his loss of consortium.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courts.ca.gov