# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA TRAVIS, et al., | Case No. 1:22-cv-00662-SKO |
| Plaintiffs, | ORDER GRANTING MOTION TO SUBSTITUTE AND VACATING HEARING |
| v. | |
| RYAN JOHNSON, et al., | (Doc. 3) |
| Defendants. | |

Before the Court is a motion by the United States of America to substitute itself as a defendant in place of Ryan Johnson, D.O. (the "Motion"), pursuant to the Federal Tort Claims Act ("FTCA") and 42 U.S.C. § 233.  (Doc. 3.)  No opposition to the Motion was filed, and the time to do so has expired.  Accordingly, the Court deems the Motion unopposed and finds the matter suitable for decision without oral argument.  The hearing set for August 3, 2022, will therefore be vacated.  Having considered the briefing, and for the reasons set forth below, the Motion will be granted.

The United States removed this action on June 2, 2022, from the Fresno County Superior Court. (Doc. 1.)  The complaint generally alleges medical negligence by Defendants Dr. Johnson, Chandrasekar Venugopal, M.D., and Community Hospitals of Central California (collectively, "Defendants"), stemming from an abdominal hysterectomy performed by Dr. Johnson on Plaintiff Alicia Travis ("Alicia"). (*See* Doc. 1-1 at 4–5.)  As a result of alleged injuries to Alicia caused by

Defendants' allegedly negligent care, Plaintiff Otha Travis, Alicia's husband, also asserts a claim for loss of consortium.[1]  (*See* Doc. 1-1 at 6.)

Federally funded health centers and their employees may be deemed employees of the federal Public Health Service.  42 U.S.C. § 233(g)(1)(A), (g)(4).  When a federal employee is sued, "[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action . . . shall be [removed] and deemed a tort action brought against the United States[ ]"[2]  42 U.S.C. § 233(c).  Here, there is no dispute that Dr. Johnson is an employee of the Public Health Service pursuant to 42 U.S.C. § 233(g).  The United States Attorney for the Eastern District of California, through the Chief of the Civil Division, certified that, "during the time at issues in the complaint," Dr. Johnson was an employee at Clinica Sierra Vista, which is a federally-supported health center, and thus "deemed to be an employee of the Public Health Service."[3]  (*See* Doc. 1-4.)  The Chief of the Civil Division further certified that, "[a]t the times relevant to the complaint, Dr. Johnson was acting within the scope of his employment with Clinica Sierra Vista to provide medical services."  (*Id.*)  Such a certification is "prima facie evidence that a federal employee was acting in the scope of [his] employment at the time of the incident and is conclusive unless challenged."  *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995).

As Plaintiffs have not opposed the Motion (*see* Docket), the Court finds that they have not met their burden of disproving the certification by a preponderance of the evidence.  *See Billings*, 57 F.3d at 800.  Therefore, the Court will grant the Motion and substitute the United States for Defendant Ryan Johnson, D.O.  *See G.H. ex rel. Hernandez v. Sutter Davis Hosp.*, No. 2:15-CV-00813-MCE-KJ, 2015 WL 4078273, at *2 (E.D. Cal. July 6, 2015) (noting that, under 42 U.S.C. § 233, an action against various employees of a supported health center and grantee of the United

---

[1] Alicia and Otha Travis will be referred to collectively as "Plaintiffs."
[2] The FTCA is the exclusive remedy available to a plaintiff for claims against the United States.  28 U.S.C. § 2679(b)(1).
[3] The Court notes that the complaint does not mention Clinica Sierra Vista, nor does it appear to identify the facility where Dr. Johnson performed the surgery on Alicia on December 13, 2019.  (*See* Doc. 1-1.)  The complaint alleges that Alicia was "re-admitted on December 17, 2019[,] to Community Regional Medical Center" due to pain, discomfort, and inability to urinate at home.  (*See id.*)  Dr. Venugopal was allegedly negligent in his care of Alicia at the Medical Center. (*See id.*)

States Department of Health and Human Services was properly considered a tort action against the United States, with the FTCA providing the exclusive remedy).

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The United States' motion to substitute (Doc. 3) is GRANTED;
2. The Clerk of the Court is DIRECTED to terminate Ryan Johnson, D.O., as a Defendant on the docket and to list the United States of America in Johnson's place; and
3. The hearing on the motion to substitute, currently set for August 3, 2022, is VACATED.

IT IS SO ORDERED.

Dated: **July 19, 2022**            /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE